## THURSTON *vs.* BLAISDELL, Apt.

A tender of money to an attorney, with whom a demand is lodged for collection, before suit is brought, is unavailing.

If made after an action is commenced the costs must be tendered.

ASSUMPSIT, upon a promissory note for $6 50. The case was submitted on a statement of facts, in which it was agreed that the defendant signed the note, which was afterwards lodged with an attorney for collection, of which the defendant had notice—that on the 14th of March, 1835, the plaintiff caused an action to be commenced on it, returnable before a justice of the peace on the 28th of the same month —that on that day said justice was absent, and the writ was not entered—that at the time, and subsequent to the time when said writ should have been entered, the defendant ten-

dered to the plaintiff's attorney the amount of the note and interest, but tendered no cost, and he has always been ready to pay the note and interest—that on the 14th of April, 1835 the plaintiff commenced the present action on the note—that on the trial before the justice, the money which had been tendered by the defendant was brought into court, and tendered the plaintiff's attorney, and is still ready in court, but the plaintiff refuses to accept the same because no cost is tendered.

*Jordan,* for the plaintiff.

*Marston,* and *Wells,* for the defendant.

PARKER, J.    The revised statute, of January 2, 1829, "regulating process and trials in civil causes," enacts that at any time before the sitting of any court, to which any writ shall be returnable, or at any time before judgment shall be rendered in any suit, the defendant may apply to the plaintiff's attorney who brought the action, and tender him the amount of the debt and costs, and such tender shall be a bar to any further proceedings in such case.    *N. H. Laws* 97.

If the tender in this case is to be regarded as a tender after a suit was commenced, it was invalid, because the costs of the suit were not tendered with the debt, according to the provisions of the statute.    If it be regarded as a tender before suit, it was nugatory, because the statute makes no provision for a tender to the attorney before an action is commenced.

It is not material, therefore, to enquire whether upon the failure to enter the action, by reason of the absence of the justice, the case stood as if no action had been commenced; or whether the attorney was entitled to claim the costs of the writ which had been instituted.

*Judgment for the plaintiff.*